UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Miami Division)

| | |
|---|---|
| STAINTON WILLIAMS, By and Through His Designated Attorney-In-Fact, Blossome McLaughlin-Allen, Pursuant to a Valid and Enforceable Power of Attorney,<br><br>          Plaintiff(s),<br>v.<br><br>CITIZENS PROPERTY INSURANCE CORPORATION,<br><br>          Defendant. | CASE NO:<br><br><br>**VERIFIED PETITION FOR**<br>**DECLARATORY & INJUNCTIVE RELIEF** |

**I.     INTRODUCTION.**

1.     This is not merely a dispute over insurance. It is a direct challenge to a calculated and state-backed apparatus that deprives Florida homeowners of their most basic constitutional rights: access to the courts, neutral adjudication, and meaningful due process. This action seeks declaratory and injunctive relief to stop the unconstitutional enforcement of a binding arbitration clause developed and deployed by CITIZENS PROPERTY INSURANCE CORPORATION ("Citizens"), acting under color of state law and protected by its government-created structure. This Action seeks prospective declaratory and injunctive relief to stop unconstitutional, ongoing enforcement and does not seek any damages from the state treasury.

Since 2022, Citizens has implemented a policy that redirects insurance disputes away from the Florida courts and into the Florida Division of Administrative Hearings ("DOAH"), an administrative forum that lacks independence, fairness, and transparency. The forum is structurally compromised. Citizens selects the Administrative Law Judges. Citizens pays them. These judges routinely refuse to hear constitutional challenges and decline to engage with jurisdictional defects. Instead, they rely almost entirely on prior administrative decisions rendered by ALJ colleagues operating under identical circumstances. See attached as Composite Exhibit "A" a true and correct copy of Plaintiffs' Motion for Involuntary Dismissal, Defendant's Response, and the ALJ's Summary Ruling. The ALJs do not

1

disclose conflicts of interest that would be disqualifying in any courtroom governed by the rule of law, and even under the rules the proceedings profess to operate under.

These proceedings bar policyholders from accessing essential discovery, prohibit them from filing dispositive motions, and shield the outcome from judicial review. The process is not designed to adjudicate disputes on the merits. It is designed to prevent accountability and eliminate the possibility of judicial oversight.

This arbitration clause was never negotiated. It was imposed unilaterally. Citizens policyholders, like that of Stainton Williams, were not given an option, not asked for consent, and not told that their fundamental rights were being waived. In cases like the one presented here, the endorsement was inserted through automatic policy renewal. Citizens and the Florida Office of Insurance Regulation either knew or should have known that this clause violated Florida statutory protections and the constitutional guarantees of the Fourteenth Amendment. Nevertheless, the endorsement was approved, enforced, and used to exploit policyholders at their most vulnerable moment—after a loss.

The impact is staggering. As of July 2025, Citizens has prevailed in nearly every DOAH arbitration conducted under this endorsement. The arbitration clause is a textbook example of a contract of adhesion—unilaterally imposed by a state-backed insurer, without negotiation, and under circumstances that offered the policyholder no meaningful opportunity to reject or avoid its terms. Except for a single case, no homeowner has obtained any relief. Worse still, policyholders who attempt to dismiss their own claims are punished. Citizens routinely demands attorneys' fees, and DOAH ALJ judges reliably grant them. The system is not merely slanted. It is engineered for denial.

This Court must act. The federal judiciary is the last line of defense against systemic government abuse. When a state-created entity uses its power to coerce citizens into forfeiting constitutional protections, federal courts are duty-bound to intervene. This is not a contractual dispute. It is a constitutional crisis—one unfolding behind closed doors in a forum inaccessible to public scrutiny and immune from appellate review.

Florida homeowners have been stripped of their right to be heard. Not by mistake, but by design. The Constitution forbids this. And only this Court can stop it.

## II.   JURISDICTION AND VENUE.

2.   This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the Constitution and laws of the United States.

3. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 to redress violations of the Due Process and Equal Protection Clauses of the Fourteenth Amendment.

4. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred within this judicial district, and Defendant resides or does business in this district.

### III. SOVEREIGN IMMUNITY WAIVER.

5. Citizens is not immune from suit. Section 627.351(6)(s)1, Florida Statutes, expressly authorizes legal actions against Citizens for breach of contract and other forms of relief. Moreover, sovereign immunity does not shield Citizens from liability where:

a) The claim seeks prospective declaratory or injunctive relief to remedy unconstitutional or ultra vires conduct;

b) The action arises under 42 U.S.C. § 1983 to redress violations of federally protected constitutional rights; and

c) The challenged conduct involves commercial or operational activities, not discretionary or policy-making functions of the State.

Plaintiff brings this action under the doctrine of *Ex parte Young*, seeking prospective relief to halt the ongoing enforcement of an unconstitutional arbitration regime. The goal is straightforward: to obtain a judicial declaration that freezes the further application of this structurally biased process statewide.

### IV. PARTIES.

6. Plaintiff Stainton Williams is a 92-year-old immigrant to Florida, and a homeowner insured under a Citizens policy that included the disputed DOAH arbitration endorsement. He brings this action through his daughter, Blossome McLaughlin-Allen, via a valid Power of Attorney.

7. Defendant CITIZENS PROPERTY INSURANCE CORPORATION is a statutorily created entity under Fla. Stat. § 627.351(6). It is a state-created insurer operating under color of state law, subject to constitutional constraints, and headquartered in Tallahassee, Florida.

**V.     FACTUAL ALLEGATIONS.**

8. Plaintiff's property was insured under a renewed Citizens policy that included a binding arbitration endorsement.

9. The plaintiff did not knowingly consent to the endorsement and was not provided with any premium discount, election form, or non-arbitration policy alternative.

10. On September 26, 2024, Plaintiff's property located at 1400 NW 113th Terrace sustained covered wind-related damage. Despite the property being approximately ten miles from the nearest body of water and unaffected by a storm surge at all, Citizens denied the claim on October 11, 2024, asserting that the loss was caused by storm surge rather than a covered hurricane or wind event. A true and correct copy of the Citizens' October 11, 2024, claim denial letter is attached here as Exhibit "B."

11. With no alternative avenue for relief, Plaintiff served a Notice of Intent to Initiate Litigation pursuant to Fla. Stat. § 627.70152. In response, Citizens unilaterally invoked the mandatory arbitration endorsement and blocked Plaintiff from pursuing judicial relief. During the arbitration, Citizens opposed all constitutional objections, the ALJ summarily agreed with Citizens and refused to provide disclosures required under Fla. Stat. § 682.041 and leveraged the procedural constraints of DOAH to suppress meritorious defenses and foreclose any meaningful remedy.

12. The assigned ALJ has refused to consider the constitutionality or enforceability of the arbitration clause and has declined to make any disclosures. Upon information and belief, such disclosures are required due to significant indicators of partiality, including the ALJ's longstanding financial relationship with Citizens and the fact that his spouse formerly served as a corporate officer of Citizens and is currently an executive within the insurance industry.

13. Upon information and belief, Citizens' legal strategy has been orchestrated and defended by former Florida Supreme Court Justice Ricky Polston, who subsequently became General Counsel and Chief Legal Officer of Citizens and now serves as counsel at Shutts and Bowen LLP. Under his leadership, Citizens has aggressively enforced this jurisdictional barrier despite actual knowledge that the endorsement violates both statutory and constitutional protections.

14. This is not an isolated occurrence. In nearly all DOAH arbitration cases involving this same endorsement, Citizens has prevailed. In each proceeding, the insured has been denied basic procedural rights including access to discovery, a neutral decisionmaker, and judicial review. These outcomes are not the product of coincidence but of a systemic policy designed to suppress valid claims and shield Citizens from legal accountability. Defendant has engaged in a sustained pattern of

obstruction, concealment, and coordinated misconduct to entrench this unconstitutional regime and deter any meaningful review.

## VI. CLAIMS FOR RELIEF.

***Count I – Violation of the Fourteenth Amendment (Procedural Due Process) – 42 U.S.C. § 1983***

15. Plaintiff re-alleges and incorporates paragraphs 1 through 14 as though fully set forth herein.

16. Defendant, acting under color of state law, has deprived Plaintiff of a protected property interest in his insurance policy and the right to seek judicial enforcement of his contractual and statutory rights.

17. Defendant's arbitration clause strips Plaintiff of access to a neutral court, bars discovery, prohibits dispositive motions, and denies any meaningful opportunity to be heard in a fair forum.

18. Defendant has failed to provide basic procedural safeguards required by due process, including notice of rights forfeited, disclosure of conflicts, or access to judicial review.

19. These actions constitute a violation of the Fourteenth Amendment to the United States Constitution and are actionable under 42 U.S.C. § 1983. The Defendant's ongoing conduct violates clearly established rights protected by the United States Constitution and is actionable under 42 U.S.C. § 1983.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a) Declare that the arbitration clause enforced by Defendant violates Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment;

b) Enter an order enjoining Defendant from enforcing the arbitration clause in any present or future insurance disputes without constitutionally sufficient procedural safeguards;

c) Award Plaintiff attorneys' fees and costs under 42 U.S.C. § 1988; and

d) Grant such other and further relief as the Court deems just and proper.

***Count II – Violation of the Fourteenth Amendment (Equal Protection) – 42 U.S.C. § 1983***

20. Plaintiff re-alleges and incorporates paragraphs 1 through 14 as though fully set forth herein.

21. Citizens, acting under color of state law, has enforced an arbitration clause against Plaintiff that is not enforced against similarly situated policyholders of private insurance companies.

22. Through Fla. Stat. § 627.351(6)(ll), Citizens has been granted special authority to bypass statutory requirements imposed on all other Florida insurers, including those under Fla. Stat. § 627.70154.

23. This disparate treatment lacks a rational basis and discriminates against Citizens' insureds, including Plaintiff, without justification or compelling state interest.

24. The enforcement of the arbitration clause has therefore denied Plaintiff equal protection of the laws in violation of the Fourteenth Amendment. The Defendant's conduct constitutes a violation of Plaintiff's rights under the Equal Protection Clause of the Fourteenth Amendment.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a) Declare that the enforcement of the arbitration clause as applied to Plaintiff and similarly situated Citizens policyholders violates the Equal Protection Clause of the Fourteenth Amendment;

b) Enjoin Defendant from continuing to enforce the clause in a manner that treats Citizens' insureds differently than those of private insurers without a constitutionally valid justification;

c) Award Plaintiff attorneys' fees and costs under 42 U.S.C. § 1988; and

d) Grant such other and further relief as the Court deems just and proper.

### *Count III – Declaratory Relief (28 U.S.C. § 2201)*

27. Plaintiff re-alleges and incorporates paragraphs 1 through 14 as though fully set forth herein.

28. An actual and justiciable controversy exists between the parties as to the constitutionality and enforceability of the arbitration clause contained in Plaintiff's insurance policy with Citizens.

29. Plaintiff contends that the clause violates procedural due process and equal protection under the Fourteenth Amendment, and that Citizens' enforcement of the clause exceeds constitutional bounds.

30. Pursuant to 28 U.S.C. § 2201, Plaintiff seeks a declaration from this Court that the mandatory arbitration clause is unlawful, unconstitutional, and unenforceable.

31. A declaratory judgment is necessary to resolve the legal uncertainty surrounding the clause's validity and to clarify the legal rights and obligations of the parties.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a) Enter a judgment declaring that the arbitration clause in Citizens' policy is unconstitutional and unenforceable;

b) Declare that Defendant may not enforce such a clause against Plaintiff or similarly situated policyholders absent compliance with constitutional and statutory safeguards;

c) Award Plaintiff attorneys' fees and costs; and

d) Grant such other and further relief as the Court deems just and proper.

### Count IV – Prospective Injunctive Relief (Ex parte Young Doctrine)

32. Plaintiff re-alleges and incorporates paragraphs 1 through 14 as though fully set forth herein.

33. Plaintiff seeks to enjoin Citizens from enforcing the arbitration clause in its current form, and from continuing to implement a regime that deprives Florida citizens of access to courts, discovery, and judicial oversight.

34. Plaintiff seeks only prospective relief to prevent ongoing and future violations of federal constitutional rights. Plaintiff does not seek damages or reimbursement from the state treasury.

35. Plaintiff does not seek monetary damages or retrospective relief, but only an order halting the continued enforcement of an unconstitutional policy.

36. This request for injunctive relief falls squarely within the *Ex parte Young* exception to Eleventh Amendment immunity and is necessary to halt an unconstitutional practice that is ongoing and systemic.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a) Enter an injunction barring Citizens from enforcing its existing arbitration clause in current and future policies in the absence of constitutionally adequate procedures;

b) Enjoin Defendant from rerouting insurance disputes to the Florida Division of Administrative Hearings without proper statutory and constitutional compliance;

c) Award Plaintiff attorneys' fees and costs; and

d) Grant such other and further relief as the Court deems just and proper.

7

VII.   **GLOBAL PRAYER FOR RELIEF.**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

a. Declare that the arbitration clause imposed by Citizens violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment;

b. Declare that the arbitration clause is void, unenforceable, and in conflict with federal constitutional law;

c. Enjoin Citizens from enforcing the arbitration clause or requiring arbitration through the Florida Division of Administrative Hearings under its current policy language;

d. Enjoin Citizens from including the same or substantially similar arbitration clause in future policy renewals unless and until it complies with both constitutional and statutory protections;

e. Award Plaintiff attorneys' fees and costs under 42 U.S.C. § 1988;

f. Grant such other and further relief as this Court deems just and proper.

**DATED:  July 11, 2025.**

*/s/ Michael A. Citron*
Michael A. Citron, Esq.
FBN: 105083
**MAC Legal, P.A.**
4601 Sheridan Street, Ste. 205
Hollywood, FL 33021
Tel : 954.395.2954
Michael@maclegalpa.com
Service@maclegalpa.com
*Counsel for Plaintiff(s)*

8

## 28 U.S.C. § 1746 VERIFICATION

I, Blossome McLaughlin-Allen, declare and state as follows:

1. I am over the age of eighteen and competent to testify to the matters stated herein.
2. I am the designated attorney-in-fact for Plaintiff Stainton Williams pursuant to a valid and enforceable power of attorney, and I am authorized to act on his behalf in this litigation.
3. I have reviewed the foregoing Complaint for Declaratory and Injunctive Relief, and I verify that the factual allegations contained therein are true and correct to the best of my knowledge, information, and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on this 10 day of July, 2025, in Miami-Dade County, Florida.

*[signature: Blossome McLaughlin-Allen (Jul 10, 2025 15:55 EDT)]*

**Blossome McLaughlin-Allen**
*Attorney-in-Fact for Stainton Williams*

9

# 07.10.25 Complaint - Stainton Williams
Final Audit Report  2025-07-10

| | |
|---|---|
| Created: | 2025-07-10 |
| By: | Paralegal 5 (Paralegal5@maclegalpa.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAUpOdqxolkSpZWQsN257P52nzzSn1rliL |

## "07.10.25 Complaint - Stainton Williams" History

- Document created by Paralegal 5 (Paralegal5@maclegalpa.com)
  2025-07-10 - 7:45:39 PM GMT

- Document emailed to Blossome Allen (bloallen@bellsouth.net) for signature
  2025-07-10 - 7:45:43 PM GMT

- Email viewed by Blossome Allen (bloallen@bellsouth.net)
  2025-07-10 - 7:46:10 PM GMT

- Signer Blossome Allen (bloallen@bellsouth.net) entered name at signing as Blossome McLaughlin-Allen
  2025-07-10 - 7:55:20 PM GMT

- Document e-signed by Blossome McLaughlin-Allen (bloallen@bellsouth.net)
  Signature Date: 2025-07-10 - 7:55:22 PM GMT - Time Source: server

- Agreement completed.
  2025-07-10 - 7:55:22 PM GMT

Adobe Acrobat Sign