**STATE OF FLORIDA**
DIVISION OF ADMINISTRATIVE HEARINGS

STAINTON WILLIAMS,   **DOAH Case No.: 25-001807PIC**
                     Claim Number: 001-00-516220
  Petitioner,        Administrative Law Judge Todd P. Resavage

vs.

CITIZENS PROPERTY INSURANCE
CORPORATION,

  Respondent.

----------------------------------------------------/

**NOTICE OF TAKING REMOTE DEPOSITION(S) *DUCES TECUM***

PLEASE TAKE NOTICE that the undersigned will take the Zoom deposition(s), which may be videotaped, of:

| Deponent | Date & Time | Location | Schedules |
|---|---|---|---|
| Defendant Expert Ahmed Talab | July 31st, 2025 at 10:00 am | Zoom Meeting https://app.remotelegal.com/deposition/join/413fe91c-3e24-4ee5-8f18-70e80e12fd04 | Schedule "A" |

Upon oral examination before the above listed court reporter, Remote Legal, Notary Public, or any other Notary Public or other officer authorized by law to take depositions in the given State for examination. The oral examinations will continue from day to day until completed. The depositions are being taken for the purposes of discovery, for use at trial, or for such other purposes as are permitted under Florida Rules of Civil Procedure and Florida Statutes including but not necessarily limited to *Fla. R. Civ. P. 1.310(b)(6) and Fla. Stat. §627.351(6)(x)(1) and (3)*.

The expert shall be prepared to fully address each of the topics listed on Schedule "A" with Plaintiff's counsel at the videotaped deposition.

The attached Schedule "A" outlines what each deponent is to provide to Plaintiff's Counsel (via email, facsimile, regular mail, express mail, or personal delivery) **AT LEAST** five (5) days PRIOR to appearing at his/her/its respective deposition.

## **DEFINITIONS OF TERMS**

1. The term "you" or "your" means the party or parties to which this request is addressed, and attorneys and all other persons acting or purporting to act on behalf of the party or parties.

2. The term "this Action" specifically refers to the above-styled case.

3. The term "Defendant" or "you" means the Defendant(s) whose name is captioned in the style of this case.

4. The term "Plaintiff" means the Plaintiff(s) whose name(s) is/are captioned in the style of this case, insured(s) and their respective agents or assigns.

5. The term "person" means any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, governmental body, group of natural persons, or other entity.

6. The term "document" means any written or graphic matter and other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including but not limited to, correspondence, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins, meetings or other communications, inter-office and intra-office telephone calls, diaries, chronological data, minutes, books, reports, studies, summaries, pamphlets, bulletins, printed matter, charts, ledgers, invoices, worksheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, canceled checks, statements, transcripts, statistics, surveys, magazine or newspaper articles, releases, graphic or aural records or representations of any kind (including without limitation, photographs, microfiche, microfilm, videotape, records and motion pictures) and electronic, mechanical or electric records or representations of any kind (including without limitation, tapes, cassettes, discs and records).

7. The term "all documents" means every document or group or documents as above defined that are known to you or that can be located or discovered by reasonably diligent efforts.

8. The term "communication(s)" means every manner or means of disclosure, transfer or exchange of information, whether in person, by telephone, mail, personal delivery or otherwise. To properly respond to a request for said communications you are responsible for providing things like phone-call records, transcriptions and/or internal notes memorializing the same. Each of the documents or communications produced by you should clearly indicate the date and time when the document or communication was entered into Defendant's system, and identity of the specific representative making said entry into Defendant's system.

9. The word "each" shall be construed to include the word "every", and the word "every" shall be construed to include the word "each"

10. As used herein, the singular shall include the plural, the plural shall include the singular, and the masculine, feminine and neither shall include each of the genders.

11. The word "and" shall be construed to include the word "or", and the word "or" shall be construed to include the word "and".

12. The term "representative" refers to any employee, agent, attorney or accountant.

13. The term "identify" when used in connection with a natural person means to set forth the full name, title, present business address and present business affiliation of said person.

14. The term "identify" when used in connection with a person which is a proprietorship, partnership, corporation, or other organization means to set forth the full name and present business address of that dealership, proprietorship, partnership, corporation, or other organization.

15. The term "identify" when used with reference to a document means to state the date and author (and, if different, the signer or signers), the addresses of the author(s), signer(s), or any individual(s) receiving copies, the type of document (e.g., letter, memorandum, chart), and its present or last known location or custodian.

16. The term "identify" when used with reference to an agreement, contract, understanding or communication means, in addition to Definition 10 above: (a) to state whether it was written or oral, to identify the parties thereto, the place where it was made or occurred, and the date or dates thereof; (b) to identify the parties thereto, the place where it was made or occurred, and the date or dates thereof; (c) to identify the persons who negotiated or had any role in suggesting, framing or drafting the terms of the agreement, contract or understanding or who participated therein; and (d) to state the substance of the communication, agreement, contract or understanding.

17. The term "identify" when used with reference to a meeting, incident, occurrence or conversation means to state its date, place and subjects covered, to identify its participants and to identify all documents reporting upon or otherwise recording or referring to anything that transpired at such meetings.

18. The term "relating to" or "relates to" means regarding, reflecting, discussing, describing, containing, identifying, analyzing, studying, reporting, commenting, evidencing, constituting, revealing, setting forth, considering, recommending, questioning, disputing contesting, correcting, construing, mentioning, associated with, referring to, alluding to, or pertaining to, in whole or in part.

19. The term "Complaint" means the Complaint or Amended Complaint in the above-captioned action.

## **INSTRUCTIONS**

1. Unless otherwise specified, each production request includes the relevant period of time as **September 26th, 2022** through the date that the documents responsive to this request are produced by Plaintiff.

2. Each of these requests are subject to the ESI Discovery guidelines that include but are not limited to the protection of all Meta-Data information. Should you fail to adhere to the ESI guidelines or otherwise be suspected of manipulating those responses produced Plaintiff will demand an evidentiary hearing regarding the same, which may leave you subject to sanctions and/or contempt of Court.

3. Each of the following requests is continuing, and in the event that at any later date you obtain or discover any additional document responsive to any request, you shall submit such document promptly.

4. If an objection is made to any request herein, all documents covered by the request not subject to the objection should be produced. Similarly, if an objection is made to production of a document, the portion(s) of that document not subject to objection should be produced with the portion(s) objected to deleted and indicated clearly.

5. Each document is to be produced in its entirety even if only a portion of the document is related to the identified subject matter and without abbreviation, editing, or expurgation and including all appendices, tables, or other attachments. If an appendix, table, or other attachment is not presented with the original but is attached to a copy thereof or is otherwise available, it should be submitted and

clearly marked to indicate the document to which it corresponds. With the exception of privileged material, no document or portion thereof should be masked or deleted in any manner. To the extent possible, documents should be produced in the same order and arrangement as in the file form which they are taken.

6. Unless otherwise requested, in lieu of producing original documents, you may produce photocopies, provided that you shall retain the original documents and produce them to the plaintiffs upon request. Further, copies of original documents may be submitted in lieu of originals only if they are true, correct, and complete copies of the original documents, and their submission constitutes a waiver of any claim as to the authenticity of the copy should it be necessary to introduce such copy into evidence in any legal proceeding. Please provide color copies of any document originally produced in color or containing type, writing, or other marks in any color other than black.

7. Documents that may be responsive to more than one request need not be submitted more than once; however, such documents should be so identified.

8. All headings herein are included only for organization purposes and should not be construed as being part of any request, or as limiting any request in any manner.

9. When producing the documents, please keep all documents segregated by the file in which the documents are contained and indicate the name of the file in which the documents are contained and the name of the documents being produced.

10. When producing the required documents, please produce all other documents that are clipped, stapled or otherwise attached to any requested document.

11. In the event such file(s) or documents(s) has (have) been removed, either for the purpose of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each sub-file, if any, maintained within the file, and the present location of the file.

12. If you choose to withhold from production for inspection and copying on the ground of privilege or the like, it is requested that you provide the following information: date, type of document, author, addressee or recipient, present location, custodian, number of pages, general description, privilege claimed, and any other pertinent information.

## **PRIVILEGE**

If any document would be required to be produced in response to any request except for the fact that a privilege against production is claimed, set forth for each such document:

1. Its date, title, type of document (memorandum, letter, etc.), and length;

2. Its waiver, preparer, sender, addressee, recipient and copyee;

3. A general description of its subject matter (without revealing the information as to which privilege is claimed);

4. The exact grounds upon which the objection to production is based;

5. The identity of all persons, in addition to those identified as required by section 2, supra, known to you who have seen or had access to the document;

6. The identity of the person now in possession of the document.

## **DOCUMENTS NO LONGER IN EXISTENCE OR NO LONGER UNDER POSSESSION, CUSTODY OR CONTROL**

If any document, requested herein was at one time in existence and under Defendant's possession, custody or control but has been lost, discarded or destroyed or has been removed from Defendant's possession, custody or control, with respect to each such document:

1. Identify and describe such document by date, title and type of document;

2. State when each such document was most recently in the possession or subject to the control of Defendant and what disposition was made of such document, including an identification of the person, if any, presently in possession or control of such document;

3. State when such document was transferred or destroyed, identify the person who transferred or destroyed such document and the persons who authorized or directed that the document be transferred or destroyed or having knowledge of its transfer or destruction and state the reason such document was transferred or destroyed; and

4. Identify all persons having knowledge of the contents thereof.

## SCHEDULE "A"

*Duces Tecum: Deponent is required to produce the documents below at the deposition.*

1. Your complete file concerning the Plaintiff **STAINTON WILLIAMS**, and the property located at 1400 NW 113th Terrace, Miami, Fl 33167.

2. All documents, in electronic and printed format, concerning the property located at 1400 NW 113th Terrace, Miami, Fl 33167

3. All photographs, videotapes, sketched drawings, proposals, and notes concerning the property located at 1400 NW 113th Terrace, Miami, Fl 33167. relating to the claim made by Plaintiff, **STAINTON WILLIAMS**.

4. All invoices related to the property located at 1400 NW 113th Terrace, Miami, Fl 33167.

5. All inspection notes, reports, correspondence, messages, moisture reading logs, proposals and/or estimates related to the property located at 1400 NW 113th Terrace, Miami, Fl 33167. .

6. All permits acquired for repairs and/or any work performed at 1400 NW 113th Terrace, Miami, Fl 33167.

7. All timesheets, punch tickets, and employment records showing the time spent working related to the property located at 1400 NW 113th Terrace, Miami, Fl 33167.

8. All reports completed by third parties in your possession relating to the property located at 1400 NW 113th Terrace, Miami, Fl 33167.

9. All contracts and/or letters of representation related to the property located at 1400 NW 113th Terrace, Miami, Fl 33167.

10. All documents provided by any party to *Ahmed Talab* and/or its agents for review regarding the property located at 1400 NW 113th Terrace, Miami, Fl 33167.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on July 30th, 2025, this document was filed with the Florida Courts' E-Portal Filing System and a copy was mailed, via automatic email generated by said System, to all parties registered therein for electronic service of documents.

Respectfully submitted,

 _Michael A. Citron_
Michael A. Citron, Esq.
FBN: 105083
**MAC Legal, P.A.**
4601 Sheridan Street, Suite 205
Hollywood, FL 33021
Telephone: (954) 395-2954
Michael@MACLegalPA.com
Service@MACLegalPA.com
