UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-cv-23097-JB

STAINTON WILLIAMS, By and Through His Designated Attorney-In-Fact, Blossome McLaughlin-Allen, Pursuant to a Valid and Enforceable Power of Attorney,

   Plaintiff,

vs.

CITIZENS PROPERTY INSURANCE CORPORATION,

   Defendant.
_____/

**DEFENDANT CITIZENS PROPERTY INSURANCE CORPORATION'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND INCORPORATED <u>MEMORANDUM OF LAW</u>**

Pursuant to Federal Rule of Civil Procedure 12(b)(1) or (6), Defendant Citizens Property Insurance Corporation ("Defendant" or "Citizens"), by and through its undersigned counsel, hereby files its motion to dismiss the Complaint filed by Plaintiff, Stainton Williams ("Plaintiff"), ECF No. [1], with incorporated memorandum of law. In support, Citizens states as follows:

**<u>INTRODUCTION</u>**

The Florida Legislature created Citizens as "a government entity that is an integral part of the state, and that is not a private insurance company." § 627.351(6)(a), Fla. Stat. As a state entity, Citizens is entitled to sovereign immunity from defending lawsuits in federal courts under the Eleventh Amendment.

Plaintiff's Complaint, after two pages of shotgun allegations, ECF No. [1] at ¶1, attempts to circumvent Citizens' immunity through meritless legal assertions, *id.* at ¶5, and four counts that

are premised on alleged violations of the Procedural Due Process or Equal Protection clauses of the Fourteenth Amendment, *id.* at ¶¶15-24, 27-36.[1]

This Court should dismiss for lack of jurisdiction under Rule 12(b)(1) because, for the claims in Counts One and Two under 42 U.S.C. § 1983, Congress did not abrogate sovereign immunity when creating § 1983. ECF No. [1] at ¶¶15-24. Count Three requests declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, which does not contain any express abrogation of sovereign immunity. ECF No. [1] at ¶¶27-31. Court Four requests an injunction under *Ex Parte Young*, 209 U.S. 123 (1908), but the doctrine of *Ex Parte Young* does not apply when state entities like Citizens are named as defendants. ECF No. [1] at ¶¶32-36.

Alternatively, even if this Court had jurisdiction, Counts One and Two should be dismissed for failure to state a claim under Rule 12(b)(6) because Citizens is not a "person" under § 1983. ECF No. [1] at ¶¶15-24.

## MEMORANDUM OF LAW

### I.   Legal Standard

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction and permits a facial or factual attack. *McElmurray v. Consol. Gov't of Augusta–Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). On a Rule 12(b)(1) facial attack, the court evaluates whether the plaintiff "has sufficiently alleged a basis of subject matter jurisdiction" in the complaint and employs standards similar to those governing Rule 12(b)(6) review. *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1335 (11th Cir. 2013). A Rule 12(b)(1) factual attack, however, "challenge[s] the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Lawrence v.*

---

[1] The Complaint omits paragraphs 25 and 26. ECF No. [1] at p.6.

*Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (citation and internal quotation marks omitted). When the attack is factual, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* Therefore, "no presumptive truthfulness attaches to [the] plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.*

Alternatively, under Rule 12(b)(6), dismissal is appropriate if a complaint is insufficient to show "a plausible entitlement" to recovery under a viable legal theory. *Bell Atl. Corp. v. Twombly*, 550 U.S. 559, 570 (2007). Although a plaintiff's allegations must be taken as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and this court is not bound to accept as true "a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II.   Citizens is Entitled to Sovereign Immunity as an Arm of the State of Florida.

"Eleventh Amendment sovereign immunity prohibits federal courts from entertaining suits brought by citizens against a state, including its agencies and departments." *Uberoi v. Supreme Court of Fla.*, 819 F.3d 1311, 1313 (11th Cir. 2016) (citing *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253–54 (2011)). That immunity "applies when 'the State or one of its agencies or departments is named as the defendant,' " and "is available 'only' to states and arms of the states." *Nichols v. Alabama State Bar*, 815 F.3d 726, 731 (11th Cir. 2016) (first quoting *Papasan v. Allain*, 478 U.S. 265, 276 (1986)); and then quoting *Walker v. Jefferson Cty. Bd. of Educ.*, 771 F.3d 748, 751 (11th Cir. 2014)). "Whether an entity is an 'arm of the state' is determined by considering four factors: (1) how the state law defines the entity; (2) the degree of state control over the entity; (3) where the entity derives its funds; and (4) who is responsible for judgments against the entity." *Id.* at 732.

The Eleventh Circuit and multiple district courts have agreed that Citizens is an arm of the

3

state entitled to sovereign immunity. *See Brown v. Citizens Prop. Ins. Corp.*, 845 F. App'x 860, 862 (11th Cir. 2021) (applying four factors and rejecting appellant's argument that Citizens is not an arm of the state); *Brown v. Citizens Prop. Ins. Corp.*, No. 8:19-CV-1951-T-36SPF, 2020 WL 1665411, at *2 (M.D. Fla. Apr. 3, 2020) ("[F]ederal courts have repeatedly dismissed cases against Citizens for lack of subject matter jurisdiction under the Eleventh Amendment." (first citing *Pulley v. Citizens Prop. Ins. Corp.*, No. 12-60122-CIV, 2012 WL 13006233, at *1 (S.D. Fla. Apr. 20, 2012); and then citing *Knap v. Citizens Prop. Ins. Corp.*, No. 09-22370-CIV, 2009 WL 10699967, at *1 (S.D. Fla. Sept. 29, 2009))), *aff'd*, 845 F. App'x 860 (11th Cir. 2021). An analysis of the four factors confirms Citizens' sovereign immunity.

First, Plaintiff concedes that Citizens "is a statutorily created entity." ECF No. [1] at ¶7. But not only did the Florida Legislature create Citizens, it defined Citizens as "a government entity that is an <u>integral</u> part of the state, and that is not a private insurance company." § 627.351(6)(a)(1), Fla. Stat. (emphasis added). The Legislature did so after finding "a compelling public interest and a public purpose to assist in assuring that property in the state is insured and that it is insured at affordable rates … in order to reduce or avoid the negative effects otherwise resulting to the public health, safety, and welfare, to the economy of the state, and to the revenues of the state and local governments which are needed to provide for the public welfare." *Id.*

Second, the degree of state control over Citizens is significant. Citizens must operate under a plan "approved by order of the Financial Services Commission" that is "subject to continuous review." § 627.351(6)(a)(2). That commission "may, by order, withdraw approval of all or part of a plan if the commission determines that conditions have changed since approval was granted and that the purposes of the plan require changes in the plan." *Id.* And that commission is composed of "the Governor, the Attorney General, the Chief Financial Officer, and the Commissioner of

4

Agriculture." § 20.121(3), Fla. Stat.  Also, members of Citizens' board of governors are appointed by Florida's Governor, Chief Financial Officer, President of the Senate, and Speaker of the House of Representatives; that board, among other things, oversees insurance market rate issues, § 627.351(6)(c)(4), consistent with the Florida Legislature's stated purpose that Citizens "provide affordable property insurance coverage in this state to the extent sought and needed" and "shall strive to increase the availability of affordable property insurance in this state." § 627.351(6)(a)(1).  Those board members are subject to Florida's statutory code of ethics for public officers and employees. § 627.351(6)(d).  And like other state entities, Citizens is subject to inspection by the Auditor General.  *See* §§ 11.45(2), 627.351(6)(m), Fla. Stat.

These two factors heavily outweigh the others and confirm Citizens' entitlement to immunity.  Even on the third factor, unlike private insurers, Citizens receives legislative appropriations.  *See, e.g.*, *Castle Beach Club Condo., Inc. v. Citizens Prop. Ins. Corp.*, 96 So. 3d 964, 967 (Fla. 3d DCA 2012)  (holding that Citizens was state entity for purposes of common law home venue privilege, relying in part on the fact that Citizens had "received $715 million in public funds through an appropriation by the Florida Legislature as a result of an active hurricane season"). Citizens otherwise derives its funds from the state-mandated plan of operation and oversight from government appointees in the aforementioned statutes. § 627.351(6)(a)(2), (6)(c)(4). Unlike private insurers, in the event of a deficit, Citizens can assess non-Citizens policyholders to make up the shortfall in order to continue funding its public purpose.  *See* § 627.351(6)(b)(3)(c).  In furtherance of that goal, the Florida Legislature ensured that Citizens' status as a state entity shielded its funds from federal income tax.  *See* § 627.351(6)(a)(1) ("Because it is essential for this government entity to have the maximum financial resources to pay claims following a catastrophic hurricane, it is the intent of the Legislature that the corporation

5

continue to be an integral part of the state and that the income of the corporation be exempt from federal income taxation and that interest on the debt obligations issued by the corporation be exempt from federal income taxation."). And while Citizens' rates are subject to approval by the Office of Insurance Regulation, which is governed by that same commission that approves Citizens' plan of operation, § 624.05(3), Fla. Stat., Citizens cannot seek judicial or administrative review of rate adjustments, § 627.351(6)(n)(1), unlike how private insurers can, § 627.062(6). And on the fourth factor, "[n]ever has the Supreme Court required an actual drain on the state treasury as a per se condition of Eleventh Amendment immunity." *Manders v. Lee*, 338 F.3d 1304, 1327 (11th Cir. 2003) (en banc).

The first two factors—Citizens' creation as an integral part of the state, and the heavy degree of state control—outweigh the other factors, consistent with sovereign immunity's purpose of " 'according the States the respect owed them as members of the federation' and not to affront the 'dignity' or 'integrity' of a state by requiring a state to respond to lawsuits in federal courts." *Manders*, 338 F.3d at 1327-28 (quoting *Hess v. Port Authority Trans–Hudson Corp.*, 513 U.S. 30, 39-40 (1994)).

Citizens' immunity under these factors is confirmed by how Florida appellate courts have viewed Citizens, which is crucial in the analysis. *See Manders*, 338 F.3d at 1309 n.10 (quoting *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 n.5 (1997), for the proposition that the Eleventh Amendment question "can be answered only after considering the provisions of state law that define the agency's character"). Florida appellate courts uniformly define Citizens as a state government entity. *See, e.g.*, *Citizens Prop. Ins. Corp. v. San Perdido Ass'n*, 104 So. 3d 344, 346 (Fla. 2012) ("Thus, it is explicitly clear that Citizens is not a private insurance company, but rather is a state body."); *Citizens Prop. Ins. Corp. v. Admiralty House, Inc.*, 66 So. 3d 342, 345 (Fla. 2d

DCA 2011) ("We conclude based on the language of section 627.351(6)(a)(1), Florida Statutes (2010), that Citizens qualifies as a public body under rule 9.310(b)(2)."); *Castle Beach Club Condo.*, 96 So. 3d at 96 (holding that Citizens can invoke the common law home venue privilege afforded to state entities).

Accordingly, Citizens is entitled to Eleventh Amendment sovereign immunity, and the Court should dismiss the Complaint for lack of jurisdiction. *See Schopler v. Bliss*, 903 F.2d 1373, 1378 (11th Cir. 1990) ("The Eleventh Amendment prohibits federal courts from exercising subject matter jurisdiction in suits brought against a state by a citizen of that state.").

### III. Plaintiff Cannot Establish an Exception to Citizens' Sovereign Immunity.

Plaintiff cannot establish that Congress abrogated, or the Florida Legislature waived, Citizens' sovereign immunity from suit in federal court. *See Nichols*, 815 F.3d at 731 ("Eleventh Amendment immunity bars suits by private individuals in federal court against a state unless the state has consented to be sued or has waived its immunity or Congress has abrogated the states' immunity." (citing *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363–64 (2001))).

#### A. The Florida Legislature did not waive Citizens' sovereign immunity from federal lawsuits.

Taking the alleged state waiver first, the "test to determine if a state has waived its sovereign immunity 'is a stringent one.' A waiver of Eleventh Amendment immunity must specifically permit suits in federal court." *Barnes v. Zaccari*, 669 F.3d 1295, 1308 (11th Cir. 2012) (quoting *Coll. Sav. Bank*, 527 U.S. at 675).

Plaintiff does not pass that test because he misconstrues section 627.351(6)(s)(1), Florida Statutes. ECF No. [1] at ¶5. The Eleventh Circuit has already rejected an argument that section 627.351(6)(s)(1) waived Citizens' right to sovereign immunity from suit in federal court. *See Brown v. Citizens Prop. Ins. Corp.*, 845 F. App'x 860, 862–63 (11th Cir. 2021) ("Brown also

7

argues in the alternative that, even if [Citizens] is an arm of the state, Florida has waived the entity's Eleventh Amendment immunity. Not so.").

Under Florida's constitutional structure, only the Florida legislature has the power to waive sovereign immunity. Art. 10, § 13, Fla. Const. ("Provision may be made by general law for bringing suit against the state as to all liabilities now existing or hereafter originating."). Recognizing that power, the Florida Legislature was careful to require its statutes to expressly and definitely state any waiver of immunity from suit in federal court:

> <u>No provision</u> of this section, or <u>of any other section of the Florida Statutes</u>, whether read separately or in conjunction with any other provision, shall be construed to waive the immunity of the state or any of its agencies from suit in federal court, as such immunity is guaranteed by the Eleventh Amendment to the Constitution of the United States, <u>unless such waiver is explicitly and definitely stated to be a waiver of the immunity of the state and its agencies from suit in federal court</u>.

§ 768.28(18), Fla. Stat. (emphasis added); *accord Am. Home Assurance Co. v. Nat'l R.R. Passenger Corp.*, 908 So. 2d 459, 471-72 (Fla. 2005) (holding that statutory waivers of sovereign immunity "will not be found as a product of inference or implication").

One of these "other section[s] of the Florida Statutes," § 768.28(18), Fla. Stat., is section 627.351(6)(s)(1), which merely provides a waiver of certain liability, without expressly or definitively mentioning suit in federal court:

> (s)1. There shall be no liability on the part of, and no cause of action of any nature shall arise against, any assessable insurer or its agents or employees, the corporation or its agents or employees, members of the board of governors or their respective designees at a board meeting, corporation committee members, or the office or its representatives, for any action taken by them in the performance of their duties or responsibilities under this subsection. Such immunity does not apply to:
>
>> a. Any of the foregoing persons or entities for any willful tort;
>>
>> b. The corporation or its producing agents for breach of any

8

>> contract or agreement pertaining to insurance coverage;
>
>> c. The corporation with respect to issuance or payment of debt;
>
>> d. Any assessable insurer with respect to any action to enforce an assessable insurer's obligations to the corporation under this subsection; or
>
>> e. The corporation in any pending or future action for breach of contract or for benefits under a policy issued by the corporation.

§ 627.351(6)(s)(1)[2]; *see Brown v. Citizens Prop. Ins. Corp.*, 845 F. App'x 860, 863 (11th Cir. 2021) ("It is true that the Florida Statutes explicitly state that the liability and cause of action shield does not extend to every circumstance; such exceptions include 'willful tort' and 'breach of any contract or agreement pertaining to insurance coverage.' Fla. Stat. § 627.351(6)(s)1. But, without more, that just means Florida waived immunity for certain suits in state courts.").

Therefore, the Florida Legislature did not waive Citizens' immunity from suit in federal court. *See Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 676 (1999) ("Thus, a State does not consent to suit in federal court merely by consenting to suit in the courts of its own creation.").

### B. **Plaintiff does not identify any Congressional abrogation of sovereign immunity.**

Plaintiff does not identify any clear statement of Congressional intent to abrogate Eleventh Amendment sovereign immunity. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 55 (1996) ("In order to determine whether Congress has abrogated the States' sovereign immunity, we ask two questions: first, whether Congress has 'unequivocally expresse[d] its intent to abrogate the immunity,' and second, whether Congress has acted 'pursuant to a valid exercise of power.'

---

[2] In fact, Plaintiff's four claims do not fall within the five exceptions to immunity from state court suits. *See* ECF No. [1] at ¶1 ("This is not a contractual dispute."); *Citizens Prop. Ins. Corp. v. Perdido Sun Condo. Ass'n*, 164 So. 3d 663, 666 (Fla. 2015) (holding statutory causes of action do not fall within section 627.351(6)(s)(1)(a)-(e)'s exceptions to immunity from state court actions).

9

Congress' intent to abrogate the States' immunity from suit must be obvious from 'a clear legislative statement.' " (first quoting *Green v. Mansour*, 474 U.S. 64, 68 (1985); and then quoting *Blatchford v. Native Village of Noatak*, 501 U.S. 775, 786 (1991))).

At the outset, this Court can reject two of Plaintiff's legal conclusions that contend Citizens is not entitled to sovereign immunity. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining courts are not bound to accept as true "a legal conclusion couched as a factual allegation"). Paragraphs (5)(a) and (5)(c) of the Complaint do not identify any Congressional action that abrogated sovereign immunity for Citizens from Plaintiff's federal lawsuit challenging the enforceability of an arbitration agreement in an endorsement to a property insurance policy. ECF No. [1] at ¶5(a), ¶5(c).

If anything, just the opposite is true: in the McCarren-Ferguson Act, 15 U.S.C. §§ 1011-1015, Congress expressly left insurance regulation to the states. *See id.* at 1012(a) ("The business of insurance, and every person engaged therein, shall be subject to the laws of the several States which relate to the regulation or taxation of such business."); *id.* § 1012(b) ("No Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance, or which imposes a fee or tax upon such business, unless such Act specifically relates to the business of insurance.").

    **1. For Counts One and Two, Plaintiff cannot identify any abrogation of immunity in 42 U.S.C. § 1983.**

This Court can reject Plaintiff's suggestion that Congress waived Eleventh Amendment Immunity when creating 42 U.S.C. § 1983. *See* ECF No. [1] at ¶5(b); *id.* at ¶¶15-19 (Count One); *id.* at ¶¶20-24 (Count Two). There is no express statement of intent to waive sovereign immunity:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities

> secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983. And it is well-settled that "§ 1983 does not override a State's Eleventh Amendment immunity." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63 (1989) (holding in context of alleged Constitutional violations raised under § 1983 (citing *Quern v. Jordan*, 440 U.S. 332 (1979))).

### 2. For Count Three, The Declaratory Judgment Act does not abrogate sovereign immunity.

As for Count Three, Congress did not include any express abrogation of Eleventh Amendment sovereign immunity when creating the Declaratory Judgment Act. ECF No. [1] at ¶¶27-31 (citing 28 U.S.C. § 2201); *see Seminole Tribe of Florida*, 517 U.S. at 55 ("In order to determine whether Congress has abrogated the States' sovereign immunity, we ask two questions: first, whether Congress has 'unequivocally expresse[d] its intent to abrogate the immunity'…. Congress' intent to abrogate the States' immunity from suit must be obvious from 'a clear legislative statement.' " (first quoting *Green*, 474 U.S. at 68; and then quoting *Blatchford*, 501 U.S. at 786)). The Declaratory Judgment Act provides, in full:

> §2201. Creation of remedy
>
> (a) In a <u>case of actual controversy within its jurisdiction</u>, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986, a proceeding under section 505 or 1146 of title 11, or in any civil action involving an antidumping or countervailing duty proceeding regarding a class or kind of merchandise of a free trade area country (as defined in section 516A(f)(9) of the Tariff Act of 1930), as determined by the administering authority, <u>any court of the United States</u>, upon the filing of an appropriate pleading, <u>may declare the rights</u> and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable

11

> as such.
>
> (b) For limitations on actions brought with respect to drug patents see section 505 or 512 of the Federal Food, Drug, and Cosmetic Act, or section 351 of the Public Health Service Act.
>
> §2202. Further relief
>
> Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment.

28 U.S.C. §§ 2201-2202 (emphasis added).

There is no indication in the text that Congress indicated any intent to abrogate sovereign immunity. *See Muirhead v. Mecham*, 427 F.3d 14, 18 n.1 (1st Cir. 2005) ("Although the instant action is also premised on the Declaratory Judgment Act, 28 U.S.C. § 2201, that statute plainly does not operate as an express waiver of sovereign immunity.").

To the contrary, the Declaratory Judgment Act can only apply to an "actual controversy within [any court of the United States'] jurisdiction," 28 U.S.C. § 2201, but the "Eleventh Amendment prohibits federal courts from exercising subject matter jurisdiction in suits brought against a state by a citizen of that state." *Schopler*, 903 F.2d at 1378.

### 3. For Count Four, Plaintiff cannot circumvent Citizens' sovereign immunity by seeking an injunction under *Ex Parte Young*.

As for Count Four, Plaintiff cannot circumvent Citizens' sovereign immunity by seeking injunctive relief under *Ex parte Young*, 209 U.S. 123 (1908). *See* ECF No. [1] at ¶5 (final, unnumbered subparagraph); *id.* at ¶¶32-36 (Count Four).

It is well settled that *Ex Parte Young* does not allow Plaintiff to seek injunctive relief against a state entity like Citizens in federal court. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (explaining that the doctrine of *Ex Parte Young* "has no application in suits against the States and their agencies, which are barred regardless of

the relief sought" and that state entities "retain their immunity against all suits in federal court"). Plaintiff's attempt to enjoin alleged Constitutional violations does not change the analysis. *See Uberoi v. Supreme Court of Florida*, 819 F.3d 1311, 1313–14 (11th Cir. 2016) (rejecting invocation of *Ex Parte Young* and holding that "[s]overeign immunity bars Uberoi's due process claim because the Florida Supreme Court is a department of the State of Florida").

IV. **Even if the Court had jurisdiction, Counts One and Two should be dismissed in the alternative for failing to state a claim against Citizens under 42 U.S.C. § 1983.**

Even if this Court had jurisdiction, in the alternative Citizens moves to dismiss Counts One and Two for failing to state a claim against Citizens under § 1983. *See* ECF No. [1] at ¶¶15-19 (Count One); *id.* at ¶¶20-24 (Count Two). That statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress….

42 U.S.C. § 1983 (emphasis added). It is well-settled that state entities, like Citizens, are "not a 'person' within the meaning of § 1983." *Will*, 491 U.S. at 65.

## CONCLUSION

**WHEREFORE**, Defendant Citizens Property Insurance Corporation respectfully requests that the Court enter an order dismissing Plaintiff's Complaint, and awarding such other and further relief as the Court deems just and proper.

## REQUEST FOR HEARING (S.D. Fla. L. R. 7.1(b))

Citizens requests a hearing, which it believes would be beneficial to the Court to address the complex issues raised in this matter. Citizens estimates thirty (30) minutes would be sufficient for a hearing.

**CERTIFICATE OF CONFERRAL (S.D. Fla. L. R. 7.1(a))**

Pursuant to Local Rule 7.1, the undersigned certifies that a good faith effort was made to resolve these issues with Plaintiff's counsel, and Plaintiff's counsel disagrees with relief sought in this motion.

    Respectfully submitted,

    **SHUTTS & BOWEN LLP**
*Attorneys for Defendant, Citizens Property Insurance Corporation*
201 East Las Olas Blvd. Suite 2200
Fort Lauderdale, FL 33301
Telephone: (954) 524-5505

By: */s/ David Batista*
**David O. Batista**
Florida Bar No. 175803
Email: dbatista@shutts.com

    -and-
200 S. Biscayne Blvd., Ste. 4100
Miami, FL 33131
Telephone: (305) 358-6300

By: */s/ Julissa Rodriguez*
**Julissa Rodriguez**
Florida Bar No. 0165662
Email: jrodriguez@shutts.com

    -and-
215 South Monroe Street, Suite 804
Tallahassee, FL 32301
Telephone: (850) 241-1717

By: */s/ Daniel Nordby*
**Daniel E. Nordby**
Florida Bar No. 14588
Email: dnordby@shutts.com
**Ricky L. Polston**
Florida Bar No. 648906
Email: rpolston@shutts.com

          -and-

4301 West Boy Scout Blvd. Ste 300
Tampa, FL 33607
Telephone: (813) 229-8900
Facsimile:  (813) 229-8901

By: */s/ Garett Tozier*
**Garrett A. Tozier**
Florida Bar No. 104834
Email: gtozier@shutts.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of August 2025, a true and correct copy of the foregoing has been furnished *via* CM/ECF to: Michael Citron Esq., MAC Legal, P.A., 4601 Sheridan Street, Suite 205, Hollywood, Florida 33021 (michael@maclegalpa.com, service@maclegalpa.com).

        */s/ David Batista*
        DAVID O. BATISTA