**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 25-cv-23097-JB/Torres**

STAINTON WILLIAMS, *by and through*
*his designated attorney-in-fact, Blossome*
*McLaughlin-Allen, pursuant to a valid*
*and enforceable power of attorney*,

      Plaintiff,

v.

CITIZENS PROPERTY INSURANCE
CORPORATION,

      Defendant.

_____/

**ORDER SETTING TRIAL, CALENDAR CALL,**
**REFERENCE TO MAGISTRATE JUDGE,**
**PRETRIAL DEADLINES, AND PRETRIAL PROCEDURES**

      This Court enters the following Order setting the trial in this matter and to establish pretrial deadlines and procedures.

**I.    TRIAL SETTING, CALENDAR CALL**

    **Trial Date:**    Trial is scheduled to commence during the two-week period beginning **Monday, October 19, 2026, at 9:30 a.m.**, in Miami, Florida.

    **Calendar Call:**  Tuesday, October 13, 2026, at 10:00 a.m., in Miami, Florida.

**II.   PRETRIAL DEADLINES**

    11/03/2025     All motions to join additional parties and amend the complaint must be filed.

    11/12/2025     Parties shall exchange a written list containing the names, addresses and summaries/reports of any <u>expert</u> witnesses intended to be called at trial.  Only those expert witnesses listed shall be permitted to testify. The summaries/reports shall include the information required by Fed. R. Civ. P. 26(a)(2): lists of the expert's qualifications to be offered at

1

|  | trial, publications and writings, style of the case and name of court and judge in cases in which the expert has previously testified and the subject of that expert testimony, the substance of the facts and all opinions to which the expert is expected to testify, and a summary of the grounds for each opinion. |
|---|---|
| 02/12/2026 | Parties shall exchange a written list containing the names, addresses and summaries/reports of any <u>rebuttal expert</u> witnesses intended to be called at trial.  Only those expert witnesses listed shall be permitted to testify.  The summaries/reports shall include the information required by Fed. R. Civ. P. 26(a)(2): lists of the expert's qualifications to be offered at trial, publications and writings, style of case and name of court and judge in cases in which the expert has previously testified and the subject of that expert testimony, the substance of the facts and all opinions to which the expert is expected to testify, and a summary of the grounds for each opinion. |
| 04/15/2026 | All discovery shall be completed. |
| 04/22/2026 | Mediation shall be completed. |
| 06/11/2026 | All dispositive pretrial motions and memoranda of law, as well as any motions to exclude or limit proposed expert testimony must be filed.  Any *Daubert* motion shall be accompanied by appropriate affidavits. If any party moves to strike an expert affidavit filed in support of a motion for summary judgment for reasons stated in *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), the motion to strike shall be filed with that party's responsive memorandum. |
| 08/27/2026 | All pretrial motions and memoranda of law must be filed. |
| 10/06/2026 | Parties must file Joint Pretrial Stipulation, as set forth herein. |

**The Court has selected the trial date and dispositive motion deadline that the Parties proposed in their Joint Scheduling Report.  As such, the Court will not extend those deadlines absent extraordinary circumstances.**

**Further, a motion for continuance of the trial shall not stay or otherwise change any of the deadlines above.  Unless a true emergency situation**

2

**arises, a motion for continuance will not be considered unless it is filed at least thirty days prior to the scheduled trial date.**

Compliance with all deadlines—whether set by Court order or under the Federal and Local Rules—is mandatory. Requests for extensions of time, including unopposed motions, will only be granted by the Court upon an appropriate motion showing good cause why the deadline cannot be met. Absent an emergency, motions for extensions of time must be filed **no later than three business days prior to the deadline** from which relief is being sought. All requests for extensions of time must include (1) the conferral statement required under Local Rule 7.1 specifying what methods were used to confer; (2) a list of any prior motions for extension of time, the basis for those requests, and whether they were granted; (3) a specific statement regarding the circumstances necessitating the requested relief; (4) a specific period for the relief requested, and (5) a statement as to whether the request impacts the deadline to file a dispositive motion or trial date.

## III.   LOCAL RULES

Unless otherwise directed by this Order, the Court requires compliance with the Local Rules. The filing of any motion, including motions for summary judgement, that are not in compliance with the Local Rules are subject to being stricken or denied. The procedures below supplement the Local Rules. This Order controls if the Local Rules conflict with any requirement herein or require different deadlines.

## IV.   DISCOVERY AND REFERRAL TO THE MAGISTRATE JUDGE

Pursuant to 28 U.S.C. Section 636 and this District's Magistrate Judge Rules, all discovery matters are hereby referred to United States Magistrate Judge Edwin G. Torres. Furthermore, in accordance with 28 U.S.C. Section 636(c)(1), the parties may consent to trial and final disposition by the Magistrate Judge. The deadline to submit a consent is at the close of the discovery period.

The parties are to follow the Magistrate Judge's Discovery Procedures for any discovery dispute.

The parties may stipulate to extend the time to answer interrogatories, produce documents, and answer requests for admissions without the need to file a written motion or stipulation. However, no extension that interferes with the deadlines set forth above may be entered into without seeking leave of Court.

## V.   MEDIATION

Mediation is required in accordance with the Local Rules and the deadline set forth above. It is not necessary for the parties to file a motion requesting the Court to enter an order scheduling the mediation. Instead, the parties are required to file a Notice

of Mediation with the name of the mediator and the date of the mediation at least thirty days before the mediation.  The parties shall notify the Court of the results of the mediation (e.g., settled, impasse, or adjourned to continue discussions) within two days of the conclusion of the mediation.

## VI.    FILING OF MOTIONS

All filings must be in a 12-point font and double spaced.  Single spacing is only permitted for footnotes.

The required conferral under Local Rule 7.1 must be by telephone or in person.  An e-mail conferral will only be permitted if counsel provided at least forty-eight hours for a response before the filing of the motion.

## VII.    TRIAL PROCEDURES

**Preparation of Pretrial Stipulation and Pretrial Conference:** Counsel and all *pro se* litigants must meet to confer on the preparation of a joint pretrial stipulation, which must be filed by the deadline set forth above.  The stipulation shall conform to Local Rule 16.1(e) and include a joint, neutral summary of the claims and defenses in the case, not to exceed one short paragraph per litigant claim, to be read as an introduction for *voir dire* examination.  The Court will not accept unilateral pretrial stipulations and will *sua sponte* strike any such submissions.

Any requests for daily copy trial transcripts must be made no later than seven days before the Calendar Call.  Those requests must be made by email to Vernita Allen-Williams at [vernita_allen-williams@flsd.uscourts.gov](mailto:vernita_allen-williams@flsd.uscourts.gov).

The Court will determine whether a pretrial conference is necessary.  Should a pretrial conference be set, the deadlines as set forth in this Order shall remain unaltered.

**Jury Instructions:**    The parties shall file a **joint set of proposed jury instructions** and a **joint proposed verdict form** by no later than **the Friday before Calendar Call**.  In preparing proposed jury instructions, the parties shall utilize as a guide the Pattern Jury Instructions for Civil Cases approved by the United States Eleventh Circuit, including the Directions to Counsel contained therein.  Instructions and questions proposed only by the plaintiff(s) to which the defendant(s) object shall be *italicized*. Instructions and questions proposed only by the defendant(s) to which the plaintiff(s) object shall be **boldfaced**.  Each jury instruction shall be typed on a separate sheet and must be supported by citations of authority.  Each disputed jury instruction shall also state the legal basis for the objection(s) with citations to authority.  A Word version copy of the joint proposed

jury instructions and verdict form or the proposed findings of fact and conclusions of law shall be e-mailed to becerra@flsd.uscourts.gov at the time of filing.

**Bench Trials:**  Each party shall file proposed findings of fact and conclusions of law by no later than **the Friday before Calendar Call**.  Proposed findings of fact shall be supported by citations to the documentary evidence, if applicable. Conclusions of law shall be supported by citations of authority.  Copies of each party's proposed findings of fact and conclusions of law in **Word format** shall be e-mailed to becerra@flsd.uscourts.gov at the time of filing.

**Instructions Regarding the Use of Depositions at Trial**:  If deposition transcripts will be used at trial, the parties shall comply with the following guidelines.  At least **twenty-eight (28) days** in advance of the Calendar Call, a party seeking to use a deposition in its affirmative case shall serve a copy of such designations.  **Five (5) days** after receipt of the designations, the opposing party shall serve its counter-designations, together with any objections.  **Five (5) days** after receipt of the counter designations, the moving party shall serve its objections to the counter-designations.

No later than seven days before the Calendar Call, the parties shall prepare and **jointly file** one transcript for each deposition to be used during trial.  The parties shall edit the transcript, using a mini-transcript when available, to remove all irrelevant, extraneous and unnecessary pages.  Each portion of the testimony designated shall be bracketed to indicate beginning and end.  A notice of filing setting forth each party's designated testimony by line and page, and setting forth all objections, shall be filed with the transcript.  In addition to listing objections in the notice of filing, the objections shall also be indicated in the margin of the transcript.  The parties may either write their objections in the margins or use logical abbreviations that will be apparent to the Court and other parties (for example "H" for hearsay).  If the parties use abbreviations, the notice of filing must include a key for the Court's reference.  A courtesy copy of the notice and transcript shall be delivered to chambers at the time of filing.  Each party shall mark the courtesy copy of the transcript with a different color ink or highlighter to identify its designated portions of the transcript.

**Voir Dire:**  The Court will provide each prospective juror with a brief questionnaire prior to the commencement of questioning in the courtroom.  Any party may submit proposed, case-specific questions for the Court's consideration.  The proposed questions must be filed with the Court at the time of the filing of the joint pretrial stipulation.  The Court will begin voir dire by questioning the venire individually and

as a whole and will permit, at its discretion, attorney-directed voir dire. The Court will not permit back striking of jurors.

**Trial Witnesses:** Counsel must provide to opposing counsel, no later than 12:00 p.m., the names of the witnesses who will be called the following day. If this procedure is violated, the Court may preclude a witness from testifying at the time counsel intended.

**NON-COMPLIANCE WITH ANY PROVISION OF THIS ORDER MAY SUBJECT THE OFFENDING PARTY TO SANCTIONS OR DISMISSAL.**

**DONE AND ORDERED** in Miami, Florida, this 2nd day of September, 2025.

_____

**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**